**UNITED STATES v. BARNDOLLAR & CROSBIE, Inc.**

**Civ. No. 1622.**

United States District Court
W. D. Oklahoma.
July 5, 1949.

960

J. W. Crawford, Asst. U. S. Atty., Muskogee, Okl., for plaintiff.

Mark Goode, Shawnee, Okl., Mack Braly, Thompson & Braly, Ada, Okl., H. L. Smith, Tulsa, Okl., for defendants.

CHANDLER, District Judge.

The above cause coming on for trial, on the 22nd day of June, 1949, at which time the parties appeared by their respective counsel of record. The Court, after hearing the evidence and statements of counsel, makes the following findings of fact and conclusions of law:

### Findings of Fact

1. The findings of fact and conclusions of law heretofore entered in this cause on December 17, 1946, have been vacated and set aside.

2. The judgment heretofore rendered in this cause, filed December 17, 1946, is hereby vacated and set aside.

3. The parties have stipulated that all of the evidence and exhibits heretofore introduced in evidence in this cause, and in Cause No. 1039, Civil, shall be treated and considered as in evidence in this cause.

4. That the findings of fact, conclusions of law and the Judgment in No. 1039, Civil, have been, by the Court upon its own motion, vacated and set aside in their entirety.

5. That no further evidence has been offered by the United States in the support of its tax claim, or in support of the cause of action in its complaint herein.

6. That neither the Federal National Bank of Shawnee, Oklahoma, nor J. F. Buck, ever took over the use, management or control of the machinery, equipment or properties belonging to Barndollar & Crosbie, Inc., at any time, and never placed agents or employees in charge of the business of Barndollar & Crosbie, Inc., and never held any property in trust for Barndollar & Crosbie, Inc., and that plaintiff has failed to prove the allegations contained in Paragraph 5 of its complaint in this cause.

7. That no warrant for distraint for taxes, penalties and interests due to the United States, from Barndollar & Crosbie, Inc., was ever served upon J. F. Buck, defendant herein. That the only warrant for distraint served, was served upon Dial Currin, Vice-President of the Federal National Bank, on September 26, 1946, and there is no evidence that the said Currin was authorized to accept service for J. F. Buck; and he did not accept service for J. F. Buck.

8. That J. F. Buck has never been served with a warrant for distraint or notice or demand for the taxes involved in this action.

9. That a notice of levy was served upon Dial Currin, Vice-President of the Federal National Bank, on August 31, 1944; but that no service of notice of levy was ever had upon J. F. Buck; and the United States has failed to prove that Dial Currin was authorized to accept service for J. F. Buck; and the Court finds that service upon Currin is not service upon J. F. Buck, and no service of any kind of notice of assessment or warrant of distraint has ever been made upon J. F. Buck.

10. That the Federal National Bank did not, on August 31, 1944, and has not since said time, had any moneys, funds, or credits or other properties in its hands, belonging to Barndollar & Crosbie, Inc.

11. That at the time of the original trial of this case, on December 17, 1946, the defendant, J. F. Buck, had in his hands the sum of $15,000, the proceeds of a contract between Barndollar & Crosbie, Inc., and Guy H. James. That said money and contract, and proceeds thereof, had been assigned and set over to the Federal National Bank of Shawnee, Oklahoma, by Barndollar & Crosbie, Inc., by written assignment, dated August 17, 1940, to secure the payment of all indebtedness due the Federal National Bank of Shawnee; and that said indebtedness was, at the time of the execution of the assignment, and at the time of trial herein, on December 17, 1946, in excess of $15,000.

12. That the Federal National Bank of Shawnee, Oklahoma, had a valid and subsisting lien upon said $15,000 at all times involved herein and at the time of trial of this case on December 17, 1946; and had the right to have said $15,000 applied upon

the indebtedness of Barndollar & Crosbie, Inc., to the Federal National Bank.

13. That J. F. Buck is president of the Federal National Bank and was such President at all times involved herein, and had received the $15,000 heretofore mentioned from Guy James, under an agreement with James and Barndollar & Crosbie, Inc., that Buck would protect James from any liability to the Jackson Materials Company, which had a suit pending against Barndollar & Crosbie, Inc., and Guy James, and under the further agreement that Buck should have the right to reimburse himself for the amount of any loss which he should sustain by reason of agreement to indemnify James against the claim of Jackson Materials Company, and with the further agreement that after the controversy between Jackson Materials Company and James had been settled or terminated, the balance of the $15,000 remaining in the hands of Buck should be applied upon the indebtedness owed by Barndollar & Crosbie, Inc., to the Federal National Bank of Shawnee.

14. That neither the Federal National Bank nor Buck, on August 31, 1944, had any moneys, funds, credits, or properties of Barndollar & Crosbie, Inc., in the hands of either of them, subject to the claim or lien of the United States, for taxes, involved in this action, and neither of said parties have, at any time, since August 31, 1944, had any moneys, funds, credits, or properties belonging to Barndollar & Crosbie, Inc., in the hands of either of them subject to the lien or claim of the United States for taxes involved herein.

15. That the defendants, Buck and the Bank, became, upon receipt of the $15,000 held by Buck, pledgees of said money, without notice or knowledge of the existence of tax liens against Barndollar & Crosbie, Inc.

### Conclusions of Law

The Court concludes, as a matter of law:

1. That the $15,000 received by J. F. Buck, from Guy James, was not and has never been subject to the lien of the United States for taxes.

2. That neither the Federal National Bank nor J. F. Buck is liable to the United States for any part of the tax claim asserted by the United States herein against Barndollar & Crosbie.

3. That no lien ever attached to any part of the $15,000 in the hands of J. F. Buck in favor of the United States.

4. That plaintiff should take nothing against the Federal National Bank and J. F. Buck.